IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-7485
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

( July 7, 1993)

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

WIENER, Circuit Judge:

Pursuant to a plea agreement which provided, inter alia, that the government "may" make a motion for a downward departure if the defendant renders substantial assistance, Joe Hernandez pleaded guilty to, and was convicted on, one count of violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). As he had been convicted of three prior felonies, Hernandez received a mandatory minimum sentence of fifteen years under 18 U.S.C. § 924(e). On appeal, Hernandez asserts that the government breached the plea agreement by failing to make a motion for downward departure, and that the district court erred in finding that Hernandez had not provided substantial assistance. Finding that in the plea

agreement there were significant ambiguities which were not resolved by the district court, we vacate the sentence imposed and remand this case for resentencing.

I

FACTS

Hernandez was arrested in in Corpus Christi, Texas, for public intoxication. During a search of Hernandez's person conducted incident to the arrest, a .25 caliber pistol was found by the local police. When they learned that Hernandez had several prior felony convictions, his case was transferred to the Bureau of Alcohol, Tobacco, and Firearms (ATF), which initiated a federal prosecution under 18 U.S.C. § 922(g)(1). As a result of his three prior felony convictions, Hernandez was subject to a statutory minimum sentence under § 924(e) of fifteen years (180 months).

Hernandez entered a plea of guilty to the firearms charge, after he and the government entered into a written plea agreement. It provided that in return for Hernandez's guilty plea the government would recommend credit for acceptance of responsibility and a sentence at the low end of the guideline range. The government concedes that "[a]t rearraignment, the [written] agreement was effectively amended by the Assistant United States Attorney [AUSA] who, after listing the terms of the written agreement," stated:

THE COURT: Is there a plea agreement?

MR. CUSICK: Yes, your honor. It's changed through Mr. Hernandez's plea of guilty to a single-count indictment. The Government has agreed pursuant to Rule 11(E)(1)(b) to recommend that he be given credit for acceptance of

2

responsibility and that he be sentenced at the bottom of any applicable sentencing guidelines. Although this agreement has been reduced to writing and signed by the parties and is tendered to the Court for filing, I would point out that it is implicit although not spelled out in the agreement that if Mr. Hernandez should provide substantial assistance to the Government, either I guess through truthful information and testimony if necessary, that the Government _may_ make a motion for downward departure at sentencing, and the extent of any downward departure would be in the sole discretion of the Court to make.[1]

The government acknowledges that the agreement which it made with Hernandez expressly provided that "[i]f [Hernandez] provides assistance, the government _may_ make a motion for downward departure at the time of sentencing."

After the court accepted the guilty plea, but before the sentencing hearing, Hernandez provided "assistance" in two ways. First, he gave the government a hand-drawn map that ostensibly showed where a stash of cocaine could be found. The map was passed among several agents, but was never fully investigated (i.e., none of the agents used it to look for the stash of cocaine). Second, Hernandez provided the government with information (which the government insists was "stale") concerning drug dealing and illegally possessed guns in the Corpus Christi area.

Hernandez asserts that he provided the government with all of the information that it requested, but that the government simply failed to follow up on the information that he provided. In other words, Hernandez claims to have been ready and willing to provide any and all assistance that he was able to furnish, but the government failed to give him the requisite opportunity.

---

[1] (Emphasis added).

At the sentencing hearing, Hernandez proffered evidence concerning the amount of assistance that he had rendered. The Pre-Sentence Report (PSR) recommended a sentencing guideline range of 188-235 months and noted the 180 month (15 years) mandatory minimum sentence under § 924(e). Taking the position that any assistance Hernandez had provided was insubstantial, the government refused to make a motion for downward departure under either U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e). After giving Hernandez the opportunity to withdraw his plea when the government refused to make a motion for downward departure))an opportunity that was refused))the court sentenced him to 180 months, which was eight months less than the lowest end of the applicable guidelines range and precisely the mandatory minimum of fifteen years. Hernandez timely appealed.

## II

## ANALYSIS

### A. Standard of Review

We have recently stated that "[w]hether the government's conduct violated the terms of a plea agreement is a question of law."[2] The defendant has the burden of proving the underlying facts that establish a breach by a preponderance of the evidence.[3] "'In determining whether the terms of a plea agreement have been

---

[2] United States v. Watson, 988 F.2d 544, 548 (5th Cir. 1993) (citing United States v. Valencia, 985 F.2d 758, 760 (5th Cir. 1993)).

[3] Id. (citing United States v. Conner, 930 F.2d 1973, 1076 (4th Cir.), cert. denied, 112 S.Ct. 420 (1991), and United States v. Hurtado, 846 F.2d 995, 997 (5th Cir.), cert. denied, 488 U.S. 863 (1988)).

4

violated, the court must determine whether the government's conduct is consistent with the parties' reasonable understanding of the agreement.'"[4]

B.  Hernandez's Claims of Error

    1.  What Constitutes "Substantial Cooperation"?

The thrust of Hernandez's claim is that, after he provided every bit of assistance within his power, the government breached the plea agreement by refusing to make a motion for downward departure.  His claim, however, runs headlong into the district court's explicit finding that he did not provide "substantial" assistance to the government.  As noted above, in a sentencing proceeding such as the one involved in the instant case, the district court must determine whether the government's conduct is consistent with the parties' reasonable interpretations of the plea agreement))here, the parties' interpretation of what might constitute substantial assistance.  No such finding was made by the district court; it merely concluded))without making any discrete factual determinations as to the reasonable expectations of either Hernandez or the government))that the assistance provided by Hernandez was not "substantial."

As noted, Hernandez provided the government with a map, purporting to show the location of a stash of cocaine, as well as information about drugs and guns in Corpus Christi.  At least implicitly, neither the government nor the district court deemed this information to be "substantial."  The record, however, is

---

[4] Id. (quoting Valencia, 985 U.S. at 761).

5

silent as to just what the parties did believe, at the time the plea agreement was entered into, would constitute substantial assistance.

When he explained the amended plea agreement to the sentencing court, the AUSA described the assistance that the government thought Hernandez might provide as "either I guess . . . truthful information and testimony if necessary." The government never requested that Hernandez testify in proceedings against other defendants in accordance with the agreement, and it never determined whether the information he provided (principally the map) was truthful. Nothing in the record indicates that, when the agreement was made, the government was only prepared to make a motion for downward departure if Hernandez provided information that actually helped bring about other prosecutions. The record is simply devoid of information concerning what quantity or quality of information and cooperation the parties contemplated that Hernandez would (but did not) provide in this case.

Moreover, as was frankly conceded by the government to this court at oral argument, the agreement was made when Hernandez had been incarcerated for over six months. Surely, when the bargain was made the government could have hoped for little more than that which Hernandez eventually provided))"jailhouse scuttlebutt." Again, it is unclear from the record what more Hernandez could have provided))or, more to the point, what more the government could possibly have contemplated that he would provide))in order to earn a motion for downward departure.

6

On remand, the district court must also consider the likelihood (or fact) that the assistance Hernandez could and did provide failed to increase in value (actually had no chance to become what the government might consider "substantial") due to the inaction of the investigators vis-à-vis the information. We have stated that when a defendant, "in reliance on [a government representation], accepted the government's plea offer and did his part, or stood ready to perform but was unable to do so because the government had no further need or opted not to use him, the government is obliged to move for a downward departure."[5] In the instant case, Hernandez provided the government with different types of information, and the government failed to follow up on any of it. Considering the type of information that the government should have expected from a defendant like Hernandez, who had been incarcerated for over six months, we find it difficult to conceive of what more Hernandez could have provided that would be substantial without any subsequent verification by the investigators))verification that was clearly necessary but was never performed.

2. <u>The Use of "May" in the Plea Agreement</u>

The government's oral explanation of the plea agreement was to the effect that if Hernandez provides substantial assistance, "the

---

[5] <u>United States v. Melton</u>, 930 F.2d 1096, 1098-99 (5th Cir. 1991); <u>see</u> <u>Watson</u>, 988 F.2d at 552-53 (discussing <u>Melton</u>'s continued vitality after the Supreme Court's decision in <u>Wade v. United States</u>, ___ U.S. ___, 112 S. Ct. 1840 (1992), when the government's discretion to make a § 5K1.1 motion is limited by a plea agreement).

government _may_ make a motion for downward departure at sentencing."[6]  The record sheds no light on the degree of discretion, if any, the parties intended for the government to retain by the use of the permissive word "may" (as opposed to the mandatory word "shall").  We have observed that plea agreements like the one involved here usually contain "shall."

In _Wade v. United States_,[7] the Supreme Court held that a trial court could not depart downwardly under § 5K1.1 in the absence of a government motion to that effect.  The Court also held that § 5K1.1 and its statutory counterpart, 18 U.S.C. § 3553(e), gives the government "a power, not a duty" to file such a motion.[8]  We have held, however, that the discretion to make a § 5K1.1 motion, which was discussed in _Wade_, can be bargained away by the government in a plea agreement.[9]  In the instant case, the government's confection of the agreement could be viewed cynically as an attempt to make to the defendant believe that the government had bargained away its discretion to make or not make a motion when it entered the plea agreement, while subtly but intentionally retaining its discretion through the use of the non-mandatory "may."

We find it difficult if not impossible to believe that any defendant who hopes to receive a motion for a downward departure

---

[6] (Emphasis added).

[7] 112 S. Ct. 1840 (1992).

[8] _Id._ at 1843.

[9] _See Watson_, 988 F.2d at 552-53.

8

would knowingly enter into a plea agreement in which the government retains unfettered discretion to make or not to make that motion, even if the defendant should indisputably provide substantial assistance. On remand of this case, the government should not be heard to make the legalistic argument that merely by using the word "may" the government is free to exercise the prosecutor's discretion whether to make the motion for downward departure. Given the admirably candid concessions it made to this court in oral argument, the government cannot hereafter insist that Hernandez knowingly and intentionally walked into such an illusory "bargain." Frankly, we are incredulous that any defendant would consciously make such an obviously bad deal absent some extremely compelling need to plea rather than stand trial.

3. <u>Departures Below the Mandatory Minimum</u>

At oral argument, the parties discussed the general question, does the district court's authority to depart below a mandatory minimum depend upon whether the government's downward departure motion is made under § 5K1.1 or under 18 U.S.C. § 3553(e)? The agreement in the instant case does not specify under which provision the motion might be made in the event that Hernandez should provide substantial assistance. As the agreement was thus silent on this issue, the government's potential obligation to move for a downward departure is even more questionable.

After reviewing the supplemental briefs submitted to us, and conducting independent research on the matter, we join the majority of circuits which hold that the district court may depart below a

9

mandatory minimum irrespective of whether the departure motion is made under either § 5K1.1 or § 3553(e).[10] As our colleagues on the Fourth Circuit have stated:  "Section 5K1.1 governs all departures from guideline sentencing for substantial assistance, and its scope includes departures from mandatory minimum sentences permitted by 18 U.S.C. § 3553(e)." [11]

III

CONCLUSION

A substantial question remains unanswered concerning the intentions of the parties as to the nature, quality, and quantity

---

[10] See United States v. Cheng Ah-Kai, 951 F.2d 490, 492-93 (2d Cir. 1991); United States v. Wade, 936 F.2d 169, 171 (4th Cir. 1991); United States v. Keene, 933 F.2d 711, 714 (9th Cir. 1991); see also U.S.S.G. § 5K1.1 application note 1 ("Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence."(emphasis added)).  But see United States v. Hawley, 984 F.2d 252, 253-54 (8th Cir. 1993)(holding that a "sentencing court can depart below the statutory mandatory minimum sentence only if the government files a motion for such a departure pursuant to 18 U.S.C. § 3553(e)" and not merely U.S.S.G. § 5K1.1); United States v. Rodriquez-Morales, 958 F.2d 1441, 1444-45 (8th Cir.), cert. denied, __ U.S. __, 113 S.Ct. 375 (1992).

[11] Wade, 936 F.2d at 171.
In its initial brief to this court, the government also argued that Hernandez had waived any error by declining the district court's offer to withdraw his guilty plea.  We recognize that when the court made the offer to Hernandez, it was giving him little more than a Hobson's choice))if he withdrew his plea at that point, he would realize no benefit as the government had already received all the benefit from his waiver of rights, i.e., he had given substantial prejudicial evidence that could be used against him.  In asserting during oral argument and in subsequent briefing to this court that this case should be remanded for additional factfinding and resentencing, however, we understand the government to have abandoned its claim that Hernandez waived any potential error by refusing the court's offer to withdraw his plea.

of the information Hernandez was expected to provide in order to constitute "substantial assistance" under the subject plea agreement. Only after it first determines what the parties meant by using that term can the district court properly decide whether the government breached the plea agreement by refusing to move for a downward departure. The court must also determine the intentions of the parties concerning the use of the word "may" in the agreement))even though we have serious doubts that either party meant for the government to retain unbridled discretion merely by using that word. Finally, we note that if the district court should be inclined to depart below the mandatory minimum sentence following a motion by the government to depart downward under either U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e), the court is not prohibited from so doing.

For the the foregoing reasons, we VACATE Hernandez's sentence and REMAND this case for additional determinations))and eventual resentencing))consistent with this opinion.