21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Davidson GEORGE, a/k/a Smokey, Defendant-Appellant.
 No. 92-5834.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 17, 1994.
Decided April 1, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Norwood Carlton Tilley, Jr., District Judge. (CR-92-163-S)
 Randall W. Reavis, Patton, Boggs & Blow, Greensboro, NC, for appellant.
 Benjamin H. White, Jr., U.S. Atty., Robert M. Hamilton, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Pursuant to a plea agreement, Davidson George pled guilty to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp.1993) (Count One), and to using and carrying a firearm in relation to a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp.1993) (Count Two). He now challenges his conviction, and seeks to have his guilty plea set aside. He asserts that the district court erred in accepting his guilty plea without exploring the parties' understanding of the term "substantial assistance." He also claims that his plea to the Sec. 924(c) charge was involuntary, because he did not believe he was guilty on that count, and entered a guilty plea only because his attorney told him that the government would not make a substantial assistance motion unless he pled guilty to both charges. We affirm.
 
 
 2
 George conspired with two co-defendants, Tracy Berrier and Jimmy Killian, to transport crack cocaine from New York to North Carolina, where they sold it. Acting on an informant's tip, police searched Berrier's residence and found a safe belonging to George which contained 125.5 grams of crack, a loaded .380 caliber pistol and ammunition, and a set of electronic scales. Berrier led police to Killian, who in turn led them to George.
 
 
 3
 George's plea agreement provided that, should he render substantial assistance, the government would move for a departure under guideline section 5K1.1. United States Sentencing Commission, Guidelines Manual (Nov.1993). At sentencing, the government explained that it had as yet received no tangible benefit from George's cooperation, and would not make the motion, but might move for a departure in the future should circumstances change. George's attorney expressed confidence that George would shortly provide fruitful assistance which would trigger a substantial assistance motion.
 
 
 4
 Relying on United States v. Hernandez, 996 F.2d 62 (5th Cir.1993), George now suggests that the district court had a duty under Fed.R.Crim.P. 11 to ascertain exactly what quantity and quality of assistance he would need to provide to earn a substantial assistance motion from the government before accepting his guilty plea. However, Hernandez involved an alleged breach of the plea agreement; the appeals court remanded for a determination of what the agreement was. George has never claimed that the government breached its agreement with him.
 
 
 5
 Moreover, this Court held in United States v. Conner, 930 F.2d 1073, 1076-77 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S.1991), that a defendant who alleges that the government has breached the plea agreement by refusing him a substantial assistance motion, bears the burden of showing by a preponderance of the evidence that he has provided substantial assistance. The district court must make a factual determination at that point as to whether he has done so. We perceive no duty under Rule 11 for the district court to determine in advance what will constitute substantial assistance in a given case before accepting a guilty plea, and we do not believe that Hernandez creates such a duty.
 
 
 6
 In the Rule 11 hearing, George assured the court that he was pleading guilty to both charges because he was in fact guilty, and not because of either threats or promises. His statement is strong, but not conclusive, evidence that his plea was voluntary. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992).
 
 
 7
 George now contends that his guilty plea to theSec. 924(c) charge was involuntary because the government offered a plea agreement in return for his plea to both counts which included a commitment to make a section 5K1.1 motion should he give substantial assistance. He argues that his plea to Count Two was coerced because he was motivated solely by a desire to gain a sentence reduction. However, a guilty plea which is made to gain some advantage which is fully disclosed in the plea agreement is not rendered involuntary simply for that reason. Id. Such a plea is voluntary if it is "a voluntary and intelligent choice among alternative courses of action open to a defen dant." Id. (citations omitted). George has not shown that his guilty plea was anything else.
 
 
 8
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED