40 F.3d 1245
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John I. WARTH, Defendant-Appellant.
 No. 93-5400.
 United States Court of Appeals, Fourth Circuit.
 Nov. 2, 1994.
Submitted: April 29, 1994.
Decided: November 2, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-92-313-JFM)
 Edward C. Wishnow, Southfield, MI, for appellant.
 Lynne A. Battaglia, U.S. Atty., Richard C. Kay, Asst. U.S. Atty., Baltimore, MD, for appellee.
 D.Md.
 VACATED AND REMANDED.
 Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John I. Warth entered a guilty plea to one count of distribution and possession with intent to distribute phencyclidine (PCP) in violation of 21 U.S.C.A. Sec. 841 (West Supp.1993), and three counts of possession of a listed chemical (piperidine) with intent to distribute in violation of 21 U.S.C.A. Sec. 841(d)(2) (West Supp.1993), 18 U.S.C. Sec. 2 (1988). He appeals his sentence, alleging first that his trial counsel was ineffective in failing to obtain a substantial assistance departure. United States Sentencing Commission, Guidelines Manual, Sec. 5K1.1 (Nov.1992). He also contends that the district court clearly erred in refusing him a three-level adjustment for acceptance of responsibility under guideline section 3E1.1(b)(2). We reject Warth's claim of ineffectiveness of counsel on the record, but because it is unclear whether the district court conducted the required analysis under Sec. 3E1.1(b)(2), we vacate the sentence and remand for resentencing.
 
 
 2
 After his arrest, Warth and his appointed counsel met with the government attorney. Warth provided information concerning others involved in drug activity and offered to plead guilty to possession and distribution charges. The government offered a plea agreement which included a promise to make a substantial assistance motion in return for further cooperation. However, no agreement was reached, chiefly because Warth refused to plead guilty to money laundering.[1] Warth was indicted on six counts, including charges of attempting to manufacture PCP and money laundering. He obtained new counsel and went to trial. On the morning of trial, fearing that some of its evidence might be suppressed, the government offered to allow Warth to plead guilty to the distribution counts, which he did.
 
 
 3
 The probation officer initially recommended a two-level adjustment for acceptance of responsibility. However, after receiving a letter from Warth in which Warth denied that he had ever procured piperidine, the probation officer advised the district court that the adjustment might not be appropriate. At the sentencing hearing, Warth argued that he should receive a three-level reduction because of his early offer to plead guilty to the charged drug offenses. The court ultimately awarded him a two-level reduction, but denied him the third level under U.S.S.G. Sec. 3E1.1(b) because of his inconsistent attitude.
 
 
 4
 Warth claims on appeal that his second attorney was ineffective in that he failed to secure a substantial assistance departure. He argues that the terms of the plea agreement initially offered by the government, but never accepted by him, were actually carried out. Therefore, he contends, a plea agreement existed or should be deemed to have existed, and he should have been able to enforce the government's promise to make a substantial assistance motion. Warth claims that the government failed to make a substantial assistance motion solely because he exercised his right to go to trial on the money laundering charge. Citing Wade v. United States, 60 U.S.L.W. 4389 (U.S.1992), and United States v. Paramo, 998 F.2d 1212, 1220 (3d Cir.1993), petition for certiorari filed, Nov. 4, 1993 (No. 93-6687),[2] in which the court of appeals held that the sentencing court has the authority to depart if a section 5K1.1 motion is withheld to penalize a defendant for going to trial, Warth contends that his attorney should have secured a departure for him.
 
 
 5
 A claim of ineffective assistance should be raised in a 28 U.S.C. Sec. 2255 (1988) motion in the district court, rather than on direct appeal, unless ineffectiveness is clearly established by the record. United States v. Williams, 977 F.2d 866, 871 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3583 (U.S.1993). We do not find ineffectiveness readily apparent on the facts presented. The parties did not enter into a plea agreement, so there was no promise to enforce. There was no de facto plea agreement, because the agreement proposed by the government was never carried out; it called for Warth to plead guilty to money laundering, which he did not do. Finally, the promise to make a section 5K1.1 motion which was included in the proposed plea agreement was based as much on what Warth was expected to do in the future as on the information he had provided at that point. Warth apparently gave no further cooperation. Therefore, it is not obvious that the government withheld a section 5K1.1 motion to penalize Warth for going to trial.
 
 
 6
 A defendant qualifies for a two-level adjustment for acceptance of responsibility under U.S.S.G. Sec. 3E1.1 if he demonstrates that he accepts responsibility for the criminal conduct comprising the offense of conviction, and an additional one-level decrease if he has assisted in the investigation or prosecution of his own misconduct by (1)timely providing complete information about his own involvement, or (2) timely giving notice that he will plead guilty, thus allowing the government to avoid trial preparation. The analysis requires consideration of the factors under Sec. 3E1.1(b)(1) and (2) in rejecting the one-level decrease if the two-level adjustment has already been found.
 
 
 7
 Warth made an early offer to cooperate and plead guilty to the charged drug offenses. Although he and the government could not reach an agreement, the problem was the money laundering count, which the government eventually dismissed. Warth apparently did not provide any further information to the government. After his guilty plea on the day of trial, Warth asserted in a letter to the probation officer that he "never ordered any piperidine from anyone," and claimed that he was being made the fall guy for Anthony Smelgus, a friend to whose laboratory he had his orders of piperidine shipped.
 
 
 8
 The district court, considering an overall reduction of three levels, only allowed two because of the ambivalence revealed by the letter. The court reserved a three-level reduction for circumstances involving "super acceptance," finding that a two-level norm is the decrease presumptively given and the three-level is a decrease "not routinely to be granted."
 
 
 9
 The government argues that "a fair evaluation of [the] evidence can only lead to the conclusion that the defendant was not even entitled to the two-level reduction that he received, much less the third level that he now seeks." Warth contends that once the district court allowed him a two-level adjustment under subsection (a), he was entitled to the additional one-level decrease for factors stated in Sec. 3E1.1(b).
 
 
 10
 Under the clear language of the guideline, once the district court finds that the defendant has accepted responsibility and has earned the two-level adjustment in subsection (a), the defendant is entitled to a third level of reduction under subsection (b) if he has been timely in giving cooperation or in giving notice that he will plead guilty. U.S.S.G. Sec. 3E1.1. Once the defendant is granted the two-level reduction under (a), the degree of his acceptance of responsibility no longer remains under the analysis under (b). Because it is unclear whether the district court conducted the appropriate analysis under Sec. 3E1.1, we remand the case for resentencing.
 
 
 11
 The judgment of the district court is therefore vacated, and we remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 VACATED AND REMANDED.
 
 
 
 [1]
 The government asserts that the charge was based on Warth's large deposits in several banks under false names and false social security numbers, and his failure to report any income for several years
 
 
 [2]
 Paramo was not decided until after Warth was sentenced. In his reply brief, Warth also cites United States v. Hernandez, 996 F.2d 62 (5th Cir.1993). However, the opinion has since been withdrawn and the language on which he relies has been modified after rehearing. See United States v. Hernandez, 17 F.3d 78, 82 (5th Cir.1994) (in banc)