# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 95-20269
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOHAMMAD SHARIF FERDOUS,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas
(CR-H-94-1141-06)

---

June 21, 1996

Before POLITZ, Chief Judge, DAVIS and EMILIO M. GARZA, Circuit Judges.

POLITZ, Chief Judge:[*]

Indicted for his role in a wide-ranging conspiracy to aid and abet the commission of insurance fraud and for the substantive offense,[1] Mohammad Sharif Ferdous appeals the sentence imposed following his guilty plea entered pursuant to a plea agreement. His

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] 18 U.S.C. §§ 2, 371; 18 U.S.C. §§ 2, 1341.

counsel moves to withdraw. That motion is denied and for the reasons assigned the sentence appealed is affirmed.

The conspiracy at bar involved activities in Houston and Los Angeles. Ferdous laundered the proceeds of false insurance claims in Houston, managed a participating law office in Los Angeles, and recruited persons for the scheme. The Houston operation resulted in false claims totaling $3,642,080 with settlements totaling $956,754. The Los Angeles claims totaled $2,382,401 and resulted in settlements totaling $441,420.

In computing Ferdous' criminal offense level the court began with a base offense of 6 which was increased by 14 levels because of the $6 million loss involved,[2] by 3 because of Ferdous' role as a manager or supervisor,[3] and by 2 levels for more than minimal planning in the grand scheme.[4] A reduction of 3 levels for acceptance of responsibility[5] resulted in an offense level of 22 which, with a criminal history category of I, resulted in a guidelines range of 41-51 months. The court sentenced Ferdous to 45 months imprisonment and ordered restitution in the amount of $4200. He timely appealed.

In his motion to withdraw and **Anders** brief, counsel for Ferdous suggests that Ferdous may not appeal because the plea agreement provides that "the defendant waives the right to appeal the sentence or the manner in which it was determined on the grounds set

---

[2]U.S.S.G. § 2F1.1(b)(1)(O).

[3]U.S.S.G. § 3B1.1(b).

[4]U.S.S.G. § 2F1.1(b)(2).

[5]U.S.S.G. § 3E1.1(a), (b).

forth in Title 18, United States Code, Section 3742." A handwritten addendum to the government's form agreement, however, declares that Ferdous' waiver of his right to appeal does not extend to "the grounds listed in Title 18, section 3742(a)(2) concerning the calculation of the guidelines." We therefore find that Ferdous may appeal and conclude that his right to challenge the calculation of his sentence has been preserved.[6] We accordingly consider this appeal and, under the circumstances, make an independent review of the entire record. In doing so we review the district court's application of the guidelines *de novo* and the supporting factual findings for clear error.[7]

At sentencing Ferdous objected to the amount of losses used in his offense level computation, contending that he did not participate in the Houston operation until December 1993 and in the Los Angeles operation until February 1994. The district court rejected that submission and found, based upon information from case agents, that Ferdous had participated in the fraudulent scheme from its very inception. That finding is not clearly erroneous and the resulting upward adjustment in the offense level was appropriate. Our review of the balance of the record discloses neither error nor abuse of discretion in the acceptance of Ferdous' guilty plea or in the sentence imposed and same is therefore AFFIRMED.

---

[6]See **United States v. Wittie**, 25 F.3d 250 (5th Cir. 1994), aff'd., 115 S.Ct. 2199 (1995); **United States v. Hernandez**, 17 F.3d 78 (5th Cir. 1994).

[7]**United States v. Cabral-Castillo**, 35 F.3d 182 (5th Cir.), cert. denied, 115 S.Ct. 1157 (1995).