

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2005

# USA v. Torres

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3492

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Torres" (2005). *2005 Decisions.* Paper 109.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/109

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 04-3492

———————

UNITED STATES OF AMERICA

v.

WILSON TORRES,
Appellant

———————

On Appeal From the United States
District Court
For the District of New Jersey
(D.C. Crim. Action No. 98-cr-00105-3)
District Judge:  Hon. Joseph H. Rodriguez

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2005

BEFORE:  SLOVITER, SMITH and STAPLETON,
Circuit Judges

(Opinion Filed December 15, 2005)

———————

OPINION OF THE COURT

STAPLETON, Circuit Judge:

I.

Appellant Wilson Torres pled guilty to conspiring to distribute cocaine in violation of 21 U.S.C. § 846, a crime which carries a 10 year mandatory minimum sentence and a maximum sentence of life imprisonment. His plea agreement provided in part as follows:

> Further, if Wilson Torres fully complies with this agreement and, prior to his sentencing, provides substantial assistance in the investigation or prosecution of one or more persons who have committed offenses, this Office: (1) *will* move the sentencing judge, pursuant to Section 5K1.1 of the Sentencing Guidelines, to depart from the otherwise applicable guideline range; and (2) *may* move the sentencing judge, pursuant to 18 U.S.C. § 3553(e), to depart from any applicable statutory minimum sentence.

App. at 51 (emphasis supplied).

The government moved for a downward departure of 216 months pursuant to § 5K1.1. It did not make an application under 18 U.S.C. § 3553(e) so that less than the mandatory minimum sentence might be imposed. The District Court found that this was consistent with the plea agreement and granted a downward departure of 216 months under § 5K1.1. The resulting sentence was 144 months of imprisonment.

II.

Contrary to Torres' position on appeal, the government did not breach its plea agreement. It committed itself to move under § 5K1.1 if Torres provided substantial assistance. In contrast, it promised only that it "may" move under § 3553(e). Moreover, it reserved complete discretion to itself to evaluate Torres' assistance. The "will"/ "may" contrast and reservation of discretion clause here distinguishes this case from *United States v. Hernandez*, 17 F.3d 78 (5th Cir. 1993). Accordingly, the failure of the government to file an application under § 3553 entitles Torres to no relief.[1]

III.

Torres is also not entitled to a remand for resentencing under *United States v. Booker*, 125 S. Ct. 738 (2005). His sentence was not enhanced based on any facts not stipulated to in the plea agreement[2] and the District Court, after reviewing *Blakely v. Washington*, 124 S. Ct. 2531 (2004), stated as follows:

> I will say that even if the Guidelines were [not] to apply, that looking at them and taking guidance from the studies that support their structure, that I feel that in the exercise of my discretion under 5K1.1 that I feel that there would be no violence done to the concept of whether *Blakely* applies or does not apply. Looking at it as guidance, *I don't see that we have any conflict with respect to what my individual judgment would be in this case.*

S.App. at 43 (emphasis added).

Despite the general presumption of prejudice in cases where the District Court

---

[1] Torres has tendered no evidence from which an inference of bad faith on the part of the government could be inferred.

[2] The fact that the District Court may have relied on its own fact finding in downwardly departing below the Guideline range is not material under *Booker*. *See Booker*, 125 S. Ct. at 756.

3

treated the Guidelines as mandatory, *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (*en banc*), "this is an exceptional case where the record contains clear and specific evidence that the district court would not have sentenced [defendant] to a lower sentence under an advisory Guidelines regime." *United States v. Webb*, 403 F.3d 373, 382-83 (6th Cir. 2005). *See also United States v. Hill*, 411 F.3d 425 (3d Cir. 2005) (where a district court "clearly indicates that an alternative sentence would be identical to the sentence imposed under the Guidelines, any error that may attach to a defendant's sentence under *Booker* is harmless.").

III.

The judgment of the District Court will be affirmed.