79,522-02

October 26, 2015

[RICHARD GOOSBY]
Clements Unit
9601 SPUR 591
Amarillo, Texas 79107-9606

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 03 2015

Abel Acosta, Clerk

Mail → To: Abel Acosta, Court Clerk
Here      P.O. Box 12308, CAPITOL STATION
          Austin, Texas 78711

Re: [RICHARD GOOSBY]
    Tr. Ct. No. 1315052-B
    Wr-79,522-02

Dear Mr. Acosta;

      Enclosed please find a copy of the above named applicant's Response and And Proposed Findings of Fact and Conclusions of Law to be filed in the above Styled and Numbered cause. Thank you for your time in advance.

X RICHARD GOOSBY
Richard Goosby

cc: Harris County 230th Dist. Court
    District Attorney's Office

encl...
RG/AA

Cause No. 1315052-B

Ex Parte                          §    IN THE 230th DISTRICT

                                  §    COURT OF

[RICHARD GOOSBY]                  §    HARRIS COUNTY, TEXAS

## APPLICANT'S RESPONSE AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Applicant [RICHARD GOOSBY] files this Applicant's Response and Proposed Findings of Fact and Conclusions of Law, in the above-captioned cause, having been served with the State's Original Answer and Proposed Findings of Fact and Conclusions Law, and will show the following:

### As to Applicant's First and Second Grounds

Breach of Plea Agreement:

There is some oversight as to the record. In State's Writ Exhibit E is the Applicant's NOTICE OF APPEAL signed by the Judge and filed by the District Clark and signed by counsel for the Applicant. On Page 2 of 2 entitled the Order, the Court Orders that the Defendant's motion has been granted.

Futhermore, the Reporter's record holds, "you would be able to appeal the case once it's completed, yes, sir." (II R.R. at 13). With this language, the court lead the Applicant to believe that once the case was "completed", whether plea bargain or jury trial, that he would have a right to appeal. It is a common act to enter a conditional plea of guilty or nolo contendere, reserving the right to appeal. By the oral record and by the Notice of Appeal, and finding Applicant indigent, and ordering a record be prepared free of charge, and granting Applicant's request for appointment of appellate counsel on behalf of Applicant, shows that the court intended on granting Applicant an Appeal. The Applicant asserts in his 11.07 Application that the Appeal was a condition of his plea. And it is clear in te record that Applicant was very adamant about an appeal. He had repeated his and maintained his wish to appeal (II R.R. at 5). Breach of the Agreement.- The determination of whether a party breached a plea agreement is governed by the law of contracts. (U.S. v. Harper, 643 F.3d 135, 143 (5th Cir. 2011). The Applicant is "entitled to an evidentiary hearing to determine whether the government breached oral promise", Apparent on the record. (U.S. v. Hernandez, 17 F.3d 78, 81-83 (5th Cir. 1999) -. Please be advised, Applicant has rescinded all signatures due to breach of agreement (See Notice of Recission and Cancellation attached and herein incorporated by reference). Applicant requests an evidentiary hearing to

1.

develop the record.

## Mental Health History and Competency Hearing

The State claims there was an additional compentency hearing on record. The Docket Sheet shows on 9/15/2011 an exam for competency and an exam for sanity was ordered by the court. The second motion by the new trial counsel for Examination on Compentency and sanity on 5/17/2012 was filed. Yet, there is no record on the docket sheet that the court ordered the Exams.

The State claims that the second Examination was the same result as the first. Yet, there is no record of a second examination or even a hearing of such. the Reporter's Record reflects that the court ordered an examination on June 11, 2012. There is no Doctor's records of such showing that the Applicant was competent to stand trial. The only evaluations the State provides are dated October 6, 2011. Applicant requests an evidentiary hearing to develop the record.

## As to Applicant's Third Ground

Wilford Anderson, Court appointed trial counsel, did not inform Applicant correctly and honestly. Applicant maintains that trial counsel was not effective in his representation and violated Applicant's right to effective counsel. There is no evidence by affidavit or otherwise that applicant was effectively represented by Wilford Anderson. Applicant request an evidentiary hearing to develop the record.

The Applicant raises questions of law and fact that cannot be resolved by the Court of Criminal Appeals upon review of the official court records without an evidentiary hearing and one should be held to resolve these issues.

The Applicant has met his burden of proof and ask for the relief requested be granted in this matter.

## Certificate of Service

I, Richard Goosby, do declare under penalty of perjury that the above copy of this instrument was sent by first class U.S.P.S. mail, postage pre-paid to the below following addresses on October 26, 2015 to the following addresses:

Chris Daniel, Harris County Dist. Clerk
P.O. Box 4651
Houston, Texas 77210-4651

Abel Acosta, Court Clerk
P.O. Box 12308, CAPITOL STATION
Austin, Texas 78711

Devon Anderson
District Atorney
1201 Franklin St., Suite 600
Houston, Texas 77002-1923

X Richard Goosby
Richard Goosby

2.

[RICHARD GOOSBY]
# 1793236 - BILL Clements Unit
9601 SPUR 591
Amarillo, Texas Republic
[79107]

## NOTICE OF RESCESSION AND CANCELLATION
## OF ALL SIGNATURES IN CASE NUMBER 1315052

I, Richard Goosby, a living, sentient Man on the Land until Proven otherwise, do hereby rescind for cause of unfair use of power arising out of the parties' relative positions and resulting in an unconscionable Agreement and failure to disclose risks, perils and responsibilities, all signatures executed in my natural and representative capacities in case number 1315052, and All other offers, documents, instruments, and Processes issued to me, or the [RICHARD GOOSBY] in the matter of case No. 1315052.

The specific contract made in this case was titled, "Plea Agreement." This contract of Agreement was between [RICHARD GOOSBY], The DISTRICT ATTORNEY for HARRIS COUNTY, TEXAS, and the 230TH DISTRICT Court in and for Harris County, Texas.

[RICHARD GOOSBY] was Promised 25 years and an opportunity to Appeal. This is evidenced by the Court's records with the court Reporter for the 230th District Court and the Harris County District Clerk's office. Being that a Judgment in a criminal conviction is an action in rem, Section 9 of Judiciary Act 1789, 1 Stat. 72, The Moses Taylor, 4 W 611 (US) 411, the contract terms cited in the case controlled its execution.

If the purpose of the contract law (e.g. Plaintiff and defendant and court with all its officers) induced by promises, (the oath and bond of executing office in their ministerial functions enforcing statues) then at some point, it becomes necessary for the courts to look at the substance (e.g. Constitution controlling application in a criminal prosecution) rather than to form (e.g. Procedural applications particularly as applied to bar a defendant from receiving full benefits of legal protections guaranteed to be provided by a government official) of the agreement and to hold that substance controls over form. "Then the parties occasionally have understandings and expectations that were so fundamental than they did not need to negotiate/raise the issue at trial about there expectation). Good faith requires a party not to violate those expectation." A. Corbin Corbin Contracts 570. (Emphasis added).

It is axiomatic that any common person expects compliance with the stated law by public officials who have sworn to uphold same, get paid to do so, receive training in application of duties, and are supervised on their acts. In Alonzo Bailey, Pltff. in Err., v. STATE OF ALABAMA, 219 S. ct. Rept's Ed. 250, it was held that, "Fraud violates even the most solem 'contracts' (e.g. defendant's subject status to criminal prosecution and conversely, the official's duty to operate under the same law all the time). It was also held that, "fraudulent concealment," (1) there must be a misrepresentation of fact, (2) the party relying on the misrepresentation, (e.g. whom lawyers and unparticular

Judges expound upon law, it is assumed they are knowledgeable and state it correctly); (3) That facts were or are false (e.g. execution of Judgment, as currently administered, is outside the scope of powers "authorized by Law"); (4) The person misrepresenting the facts intended to deceive the innocent party (e.g. The Judge agreed to give defendant permission to appeal in exchange for a Guilty Plea; yet, the Judge never intended on granting permission to appeal); (5) the innocent party justifiably relied upon the misrepresentation (e.g. The defendant only agreed to plea under the condition he would be able to appeal; yet, when defendant appealed to the Fourteenth Court of Appeals he was denied for Judge's failure to grant permission to appeal); (6) that the innocent party must be enjoined from exercising some right, benefit or privilege resulting from the misrepresentation (e.g. right to be regulated by or imprisoned under valid and verifiably so, contract, same executed according to the agreement of the parties); (7) that the misrepresentation shade the conscience (e.g. who would expect to believe STATE officials would expect to believe they can take advantage of the ignorance of the common person by use of such a deceptive tactic to encourage a defendant to plea to a charge and then, upon breach of contract, still enforce the Judgment; (8) that the misrepresentation diminishes public confidence in the system it is designed to administer (e.g. what confidence could be

held if the elements of the agreement is not complied with, then we have a government that enters agreements with intentions of not compling with the said agreements, and a malicious Forethought of Compelled Performance, through deceptive Practice,

As Authority, Mr. Black, on Rescission and Cancellation, 2 Ed., Vol. 1, pp. 188, 189, section 71 "relief may be granted on account of misrepresentation of Law or legal rights, when there is relation of trust or confidence between Parties." And 15 Texas Law Review, pp 133, 134, "But where one Party, who Possesses superior Knowledge as to law, takes advantage of the other Party's Ignorance in that respect and intentionally makes misrepresentations concerning the law for purposes of deceiving the other Party, and actually succeeds in that respect, he may be held responsible for this conduct." note 2001. Especially, "Courts enforcing Statues do not act Judicially." Thompson, 154 S.E. 579; FRC. V. G.E. 281 U.S. 464; Keller V. P.E. 261 U.S. 428. No immunities, neither absolute nor limited, Protect the Judge, their employees, officers, agents and 'Co-Parties' in the commission' of acts of bad faith against Claimant, See Am. Jur. 2nd, Volume 17 (A), clause # 298, "No immunities will Protect a Person who acts in bad faith". Being that fraud is usually described as an intentional Perversion of truth for inducing another in relevance upon it to Part with some valuable

thing belonging to him or surrender a legal right.

Rescession is a party's unilateral unmaking of a contrat for a legally sufficient reason, such as the other party's breach, or a Judgment rescinding the contrast; Voidance. Rescession is generally available as a remedy or a defense for a non-defaulting party and is accompanied by restitution of any partial performance, thus restoring the parties to their Precontractual Positions - Also termed Avoidance [contracts 249, C.J.S contracts 422, 424, 427, 456, 465, 466, 484].

The 230th District Court in and for Harris County, Texas, did agree on the record that, if [RICHARD GOOSBY] did in fact Plea to the charge of Aggravated Robbery - with a deadly weapon, that [RICHARD GOOSBY] would be granted permission to Appeal. [RICHARD GOOSBY], Plead "NO CONTEST" and attempted a NOTICE OF APPEAL. The Fourteenth Court of Appeals DISMISSED the Appeal, due to trial court's entered certification claiming that the case was a Plea bargain case, and the defendant has no right of Appeal. Would this have been established before the agreement, Richard Goosby, the living, sentient Man would not have signed his signature. The 230th District Court is in breach of contract and one party cannot be expected to comply and not the other.

[RICHARD GOOSBY] and or Richard Goosby the living, Sentient Man, hereby Rescinds, Revokes, Dissolves, Cancels, and terminates all signatures, fingerPrints, and any other forms or symbols that represent the signature of the living, Sentient Man on all paperwork, including and not limited to the Plea Agreement in Case Number 1315052, NUNC PRO TUNC, for breach of contract.

NOTICE: If within thirty (30) days of filing this document out of necessity, the STATE OF TEXAS and any concerned or interested Parties having NOT provided verifiable lawful evidence to the contrary of these declarations on a Point-by-Point basis, under the Penalty of Perjury, having firsthand Knowledge, as cited. The foregoing facts and TRUTHS declared SHALL stand as Prima facia and ultimate, being undisputed, and Failure to respond by silent acquiescence SHALL BE DEEMED.

Richard Goosby, the living, Sentient Man, by special Visitation and not appearing generally.

C/O: #1793236 - Bill Clements unit
9601 SPUR 591
Amarillo Texas [79107]

I, Richard Goosby, the living, Sentient Man on the Land until proven otherwise, being incarcerated in W.P. Clements unit, 9601 SPUR 591, Amarillo, Texas, declare under Penalty of Perjury that, according to my beliefs and understanding, the facts stated in this NOTICE are true correct and true. [title 28 USC §1746].