21-2659-cr
*United States v. Chapline*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty-two.

PRESENT: ROBERT D. SACK
ALISON J. NATHAN,
SARAH A. L. MERRIAM,
*Circuit Judges.*

---

United States of America,

   *Appellee*,

  v.              No. 21-2659

Robert Chapline,

   *Defendant-Appellant*.

---

FOR APPELLEE:      TIFFANY H. LEE, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

FOR DEFENDANTS-APPELLANTS:   FRANK M. BOGULSKI, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Geraci, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Robert Chapline was charged with possession, receipt, and production of child pornography in a thirteen-count indictment. On September 1, 2020, he pled guilty to a single count of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e). After the district court accepted Chapline's plea but before sentencing, newly appointed counsel moved to withdraw Chapline's guilty plea. Chapline principally argued that complications from a stroke, as well as side effects from medications he was taking, affected his cognitive abilities and interfered with his ability to enter a knowing, voluntary, and intelligent plea. He also made a limited argument that he was unable to hear during the change of plea hearing. The district court denied this motion and sentenced Chapline to 360 months' imprisonment. Chapline now appeals the denial of his motion to withdraw. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"The standard for withdrawing a guilty plea is stringent . . . ." *United States v. Rose*, 891 F.3d 82, 85 (2d Cir. 2018).[1] "[A] defendant may withdraw a plea of guilty after it is accepted, but before sentencing, only if the defendant can show a 'fair and just reason for requesting the withdrawal.'" *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016) (quoting Fed. R. Crim. P. 11(d)(2)(B)). One basis that courts may consider is "whether the defendant has raised a significant question about the voluntariness of the original plea." *United States v. Schmidt*, 373 F.3d 100, 103 (2d Cir. 2004).

---

[1] Unless otherwise indicated, all internal citations, quotation marks, and alterations are omitted.

"A court's decision on a motion for plea withdrawal is reviewable only for abuse of discretion." *United States v. Gonzalez*, 647 F.3d 41, 57 (2d Cir. 2011). A district court abuses its discretion when its decision rests on a legal error or when its factual findings are clearly erroneous. *Id.* "Whether the facts so found constitute a fair and just reason for the withdrawal of a plea" is a "mixed question[] of law and fact," which is committed to the discretion of the district court. *United States v. O'Hara*, 960 F.2d 11, 13–14 (2d Cir. 1992).

We find no abuse of discretion in the district court's conclusion that Chapline entered his guilty plea knowingly and voluntarily. Chapline suffered a stroke shortly before his arrest in 2017, and at the time of his plea was taking various medications. Chapline presented evidence that those medications can affect cognition, and there is no doubt that a stroke could do so as well. However, the district court concluded that Chapline presented no evidence that he was in fact suffering any cognitive deficits when he pled guilty. Furthermore, Chapline testified under oath during his plea allocution in 2020 that he could hear and understand what was happening. When the district court asked Chapline whether any of the medications he was taking were affecting his ability to understand the proceedings, he responded, "they shouldn't, no." Gov't App. ("G.A.") 57–58. The district court again asked, "Well, do they in any way?" to which Chapline replied, "No." *Id.* at 58. The district court also confirmed with Chapline that his underlying medical conditions were not affecting his ability to understand the proceedings and that Chapline understood the plea to which he was agreeing, including the Sentencing Guidelines calculations, his waiver of various rights, and the range of sentences he faced. Additionally, during his factual allocution, Chapline was able to clearly describe the actions he took that constituted production of child pornography, including details like the birth date of his minor victim.

3

In light of Chapline's statements and responses during his plea allocution, Chapline has failed to raise a significant question about the voluntariness of his plea. "[S]worn testimony given during a plea colloquy carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." *Rivernider*, 828 F.3d at 105. Chapline failed to present the district court with any such substantial reason to find that his plea was not knowing or intelligent.

Finally, to the extent it is not waived, we also reject Chapline's argument that withdrawal was warranted because he was not able to hear during the change of plea hearing. The court provided Chapline a set of special headphones for the proceeding, and the first question the district court asked Chapline was whether he could hear, to which he responded, "Yes, I can hear you now." G.A. 56. The district court then instructed him to raise his hand if ever he was not able to hear because "[w]e want to be sure you can hear everything." *Id.* The district court also confirmed that Chapline was "using the hearing assist from the court right now; is that right?" and Chapline responded, "Yes." *Id.* We are unpersuaded by Chapline's arguments that further inquiry was somehow necessary. Chapline's affirmative response to the district court's questions regarding his ability to hear were plainly sufficient. Moreover, Chapline's ability to respond appropriately to questions throughout the proceeding demonstrates that his hearing did not impede his ability to fully understand and participate in the proceeding.

In light of the district court's careful inquiry into Chapline's hearing and cognitive faculties during the plea allocution and Chapline's failure to produce any evidence to rebut his sworn statements that he had the capacity to plead guilty, we conclude the district court did not abuse its

4

discretion when it denied his motion to withdraw his guilty plea. We have considered Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court