**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 93-7124
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOSE GARCIA-BONILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

(December 17, 1993)

Before REAVLEY and DAVIS, Circuit Judges, and ROSENTHAL[1], District
Judge.

DAVIS, Circuit Judge:

Jose Garcia-Bonilla (Garcia) pled guilty to one count of a
two-count indictment charging him with conspiracy to possess with
intent to distribute a controlled substance, and aiding and
abetting in the possession with intent to distribute a controlled
substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(a) and 18
U.S.C. § 2. Garcia challenges his sentence on the ground that the
prosecution violated the plea agreement by failing to move for a
downward departure for Garcia's substantial assistance. We
conclude that the government did not violate the plea agreement and
we affirm.

_____

[1] District Judge of the Southern District of Texas, sitting
by designation.

Garcia pled guilty under Fed. R. Crim. P. 11(e)(1)(B) pursuant to a written plea agreement. In the plea agreement, the prosecutor agreed to dismiss one count of the two-count indictment and refrain from further prosecuting Garcia for the criminal conduct charged in the indictment. The government also retained the option of moving for a downward departure under the Sentencing Guidelines if Garcia provided substantial assistance to the government. Specifically, this section of the agreement provided:

> The United States reserves its option to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K of the <u>Sentencing Guidelines and Policy Statements</u>, or Rule 35(b) of the Federal Rules Criminal Procedure, if in its discretion, it is determined that such a departure is appropriate. The defendant agrees that the decision whether to file such a motion rests within the sole discretion of the United States.

At the rearraignment, the Assistant U. S. Attorney stated that Garcia and his co-defendants had agreed to testify against one another and to cooperate with U.S. Customs Agents. The U.S. Attorney went on to state that:

> And provided that they do tell the truth regarding these matters, the Government will so advise the Court, and if they have provided substantial assistance as provided for in the plea agreement, the Government will file with the court a 5K1.1 motion asking for the court to consider a downward departure from the Sentencing Guidelines. . . .

> If the defendants live up to their agreement, I feel certain that the U.S. Attorney's Office for the Southern District of Texas, Houston Division will live up to our agreement whether it's me personally or some other prosecutor representing the Government.

At sentencing however, the government refused to move for a downward departure, stating that the information Garcia had

provided was of no value to law enforcement officers. The district court, citing **Wade v. United States,** ___ U.S. ___, 113 S. Ct. 1840, 118 L. Ed. 2d 524 (1992), refused to depart downward under § 5K1.1 and sentenced Garcia to the statutory minimum of 120 months. In this appeal, Garcia contends that the government breached the plea agreement by refusing to move for a downward departure under § 5K1.1.

## II.

Garcia argues that the government breached its plea agreement and requests specific performance of the agreement. Specifically, Garcia requests that he be resentenced with the benefit of a § 5K1.1 downward departure.

Whether the government's conduct violates the terms of a plea agreement is a question of law. **United States v. Valencia**, 985 F.2d 758, 760 (5th Cir. 1993). The defendant bears the burden of proving the underlying facts that establish a breach by a preponderance of the evidence. **United States v. Hernandez**, 996 F.2d 62, 64 (5th Cir. 1993). In determining whether the government has violated a plea agreement, we must determine "whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." **Valencia**, 985 F.2d at 761.

In **Wade**, 113 S. Ct. at 1844, the Supreme Court held that a sentencing court could not grant a defendant a downward departure under § 5K1.1 in the absence of a government motion requesting such relief. The Court also held that § 5K1.1 does not require the government to move for a downward departure if the defendant provides substantial assistance, but rather grants the government

3

discretionary power to make such a motion. **Id.** It follows therefore that a defendant who provides substantial assistance without receiving a downward departure is not entitled "to a remedy or even to discovery or an evidentiary hearing" unless the prosecution relied on an unconstitutional motive in refusing to file a 5K1.1 motion. **Wade**, 113 S. Ct. at 1844.

But the Court in **Wade** recognized that the government could sacrifice its discretion and obligate itself to move for a downward departure in exchange for the defendant's guilty plea. Garcia asserts that his guilty plea was given in exchange for such an obligation. In support of his position, Garcia relies on **United States v. Watson**, 988 F.2d 544, 552 (5th Cir. 1993), **pet. for cert. filed**, (U.S. July 29, 1993) (No. 93-5407) and **Hernandez**, 996 F.2d at 64, where this court recognized that the government can bargain away its discretionary power to move for a downward departure under § 5K1.1. Garcia's reliance on **Watson** and **Hernandez** is misplaced because his plea agreement is distinguishable from the plea agreements in those cases.

The plea agreement in **Watson** provided that "if the defendant complie[d] with section 5K1.1 of the sentencing guidelines, the Government w[ould] file a motion . . . asking for a downward departure." **Id.** at 548. We held that the government "did not reserve the discretion to determine whether the defendant's cooperation merited a § 5K1.1 motion," and therefore remanded for findings as to whether the defendant had complied with the plea agreement, entitling him to a downward departure. **Id.** at 551. The plea agreement in **Hernandez** provided that "the government may make

4

a motion for downward departure at sentencing." **Hernandez**, 996 F.2d at 65. The court noted that "the record shed[] no light on the degree of discretion, if any, the parties intended for the government to retain by the use of the permissive word 'may'," and remanded the case for an interpretation of the agreement. **Id.**

By contrast, the agreement Garcia entered into with the government expressly provides that the government retains absolute discretion to move for a downward departure under § 5K1.1: "The defendant agrees that the decision whether to file [a 5K1.1] motion rests within the <u>sole discretion</u> of the United States." (emphasis added). The agreement therefore plainly reserves the government's discretion to receive information from the defendant and then exercise its discretion on whether to file for a downward departure. The agreement does not obligate the government to move for a downward departure. In the absence of such an obligation, the defendant is not entitled to relief under **Wade** unless the government's refusal to file a § 5K1.1 motion was based on an unconstitutional motive. Garcia does not argue that the government's refusal was based on an unconstitutional motive.

Moreover, the prosecutor's statements at rearraignment did not amend the plea agreement to reduce the government's discretion to move for a § 5K1.1 departure. Although the prosecutor referred to the government's willingness to file a § 5K1.1 motion, the prosecutor agreed to make such a motion in accordance with the plea agreement. The prosecutor gave no indication that the government intended to relinquish the discretion it had expressly retained under the written agreement. The prosecutor stated that the

5

government would file for a downward departure if Garcia "provided substantial assistance <u>as provided for in the plea agreement</u>." (emphasis added). The prosecutor also warned that his authority to move for a downward departure was also conditioned on the approval of his supervisors.

Because the government retained sole discretion under the plea agreement to seek a downward departure for Garcia's substantial assistance, the government's failure to file a § 5K1.1 motion did not constitute a breach of the plea agreement. Garcia therefore is not entitled to be resentenced and we therefore affirm his sentence.

AFFIRMED.