**UNITED STATES of America, Plaintiff,**

v.

**Mauricio RUEBEN, Defendant.**

**Crim. No. H–91–59.**

United States District Court,
S.D. Texas,
Houston Division.

Jan. 21, 1994.

Judith Lombardino, Asst. U.S. Atty., Houston, TX, for plaintiff.

Philip H. Hilder, Houston, TX, for defendant.

### MEMORANDUM

HUGHES, District Judge.

1. *Introduction.*

When the government contractually retains its discretion to move for a downward

departure for substantial assistance, it has a duty to tender to the defendant and the court some evidence to support that decision. Because the court has the duty to enforce plea agreements, it must grant a departure if the government fails to request one for reasons not allowed by the constitution. On the government's information, however, the defendant failed to demonstrate that the government's reasons were unconstitutional.

## 2. Background.

Mauricio Rueben is one of twenty-six defendants charged in 1991 in a 110–count indictment with dealing drugs. Along with twenty-one of his co-defendants, Rueben agreed to plead guilty in 1993. The agreement between Rueben and the government contemplated that the government would move for a downward departure in the sentencing guidelines based on Rueben's assistance. The government expressly retained the discretion to move for the downward departure based on its evaluation of Rueben's cooperation, including the value of his testimony.

The government did not call Rueben at the trial in February. In November, the government told Rueben that it would not move for a downward departure. Rueben argued that the government breached the plea agreement. He requested:

A. Discovery to demonstrate that the government had no reasonable basis for failing to move for the downward departure;

B. Specific performance of the plea agreement, requiring the court to depart; or

C. Withdrawal of his plea.

The government responded that:

A. Rueben was not entitled to post-plea discovery at all;

B. The court could not depart downward for substantial assistance absent the government's motion; and

C. Since the government retained its discretion, its authority was absolute.

The court ordered the government to bring any responsive documents to a hearing, where the court would review the issue and probably let Rueben have those that were relevant and discoverable. The government's initial response was that, while it would bring the documents to the hearing, it would not show them to Rueben or the court. The government asked the court to hold it in contempt and to stay the contempt order pending an appeal.

At the hearing the government was more accommodating, agreeing to give Rueben the briefing notes made by the government at both pre-plea and post-plea interviews with Rueben. The government contended that no further discovery was necessary because the notes established a reasonable basis for failing to move for a downward departure. The court agreed, and denied Rueben's motions.

## 3. Discretion.

The government argues that it has full and unfettered discretion to move for a downward departure for substantial assistance. The government asserts that no hearing should have been held, no discovery was necessary, and the court's intervention was wrong.

■ The government may move for a downward departure in the sentencing guidelines if a defendant has substantially assisted the government in his case or the government's case against others. U.S.S.G. § 5K1.1 (1993). If the government retains its discretion and fails to move for the departure, the defendant is not entitled to a remedy or an evidentiary hearing absent an unconstitutional motive on the part of the government in refusing to file a departure motion. *See Wade v. United States,* —— U.S. ——, ——, 112 S.Ct. 1840, 1844, 118 L.Ed.2d 524 (1992); *United States v. Garcia–Bonilla,* 11 F.3d 45, 46–47 (5th Cir.1993).

In the absence of a credible allegation of a specific unconstitutional motive on the part of the government, can the government constitutionally exercise discretion as pure whimsy? Can the government, *for no reason at all,* deny a defendant the benefit of the bargain that he made in the plea agreement?

No, for two reasons. Discretion is individual judgment. *See* Webster's Third New

International Dictionary 647 (1981). Judgment is not whimsy. It implies a thought process transcending arbitrary or capricious behavior. In its legal sense, discretion is the "power of free decision or choice *within certain legal bounds.*" *Id.* (emphasis supplied). While discretion imparts great authority, by itself, it implies limits.

More important, under the constitution, citizens are protected against arbitrary government. U.S. CONST.AMEND. V. A contract between private parties can grant one party the power to make decisions based on no thought (though it is improbable that a contract intending that level of performance would use the term *discretion* to convey that power), but the government cannot act in that manner. Some amount of reason, however small, must be apparent in the exercise of the government's discretion for the act to be constitutional. Although instances like the allocation of cultural subsidies between ballet and opera may suggest an almost total absence of articulable rationality, the decision whether to move for a downward departure is not a matter of taste.

### 4. *Remedy.*

The government argued that even if its discretion is not an absolutely free choice, the court cannot order a downward departure without the government moving for one. The law grants district courts the authority to review a prosecutor's refusal to file a motion for downward departure if the court finds the refusal based on an unconstitutional motive. *See Wade,* —— U.S. at —— – ——, 112 S.Ct. at 1843–44; *United States v. Watson,* 988 F.2d 544, 553 (5th Cir.1993). This authority to review necessarily includes the authority to enforce specifically the plea agreement, departing downward if the defendant substantially assisted the government.

### 5. *Discovery.*

■ The government argues that Rueben has no right to discovery after pleading guilty. This is asserted because the discovery rules do not apply after a defendant pleads guilty and because the defendant has the burden of proving by a preponderance of the evidence that the government's refusal was unconstitutionally motivated.

The discovery rules apply to this situation, as is contemplated by an evidentiary hearing. *See Wade,* —— U.S. ——, 112 S.Ct. 1840. Rueben does have the burden of establishing a breach of the plea agreement by a preponderance of the evidence. *See United States v. Valencia,* 985 F.2d 758, 760 (5th Cir.1993). The government, however, confuses Rueben's burden with its own obligation to produce documents that Rueben needs to meet his burden. The government must allow Rueben a minimum amount of discovery.

### 6. *The Result.*

■ The briefing notes show the minimum evidence necessary for the government's refusal to move for a departure. The notes demonstrate the government's contemporaneous concern over the veracity and comprehensiveness of Rueben's testimony. These concerns are valid, supported by the evidence, and enough to justify the government's exercise of discretion.

Rueben argues that the notes are not dispositive as to the government's motivation and that he is entitled to further discovery. The government argued that its exercise of discretion was based on both Rueben's statements and statements of co-conspirators. Rueben asked for discovery of those statements. Rueben is not entitled to discovery because the evidence already discovered is sufficient.

The exercise of the government's discretion validly rests on Rueben's own statements. Even if the government was unjustified in relying on co-conspirator's statements, Rueben himself provided the evidence necessary to justify its exercise of discretion.

### 7. *Conclusion.*

To defend its claim of an imperative prerogative, the government raised the specter of endless hearings over its discretionary sentencing functions. The reality is far less ominous, as demonstrated by the hearing actually held in this case. The government's actions must be legitimately purposeful, not

caprice. It cannot act arbitrarily. In this case it has not. .

Signed on January 21, 1994, at Houston, Texas.