**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-40187

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN LAMONT MATHIS,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(6:96-CR-45-6)

August 29, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kevin Mathis pleaded guilty to one count of possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). Mathis's written plea agreement provided that the government would file for a downward departure pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S. Sentencing Guidelines Manual § 5K1.1 if, in the government's opinion, Mathis provided substantial assistance. Although Mathis cooperated, the government did not file for a downward departure at sentencing. Mathis appealed, alleging that the government breached the terms of his plea agreement. Finding no breach, we affirm.

I

The government charged Mathis with one count of conspiracy to possess with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 846 and with three counts of possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). Pursuant to a written plea agreement, Mathis pleaded guilty to one count of violating 21 U.S.C. § 841(a)(1) and agreed to cooperate "fully and honestly" with the government. In return, the government agreed to dismiss the remaining counts at sentencing, inform the court of Mathis's cooperation and the veracity of his statements, and, if the government determined that Mathis provided substantial assistance, the government agreed to "make a motion pursuant to guideline section 5K1.1 or Federal Rule 35b for a downward departure from the applicable sentencing guideline range."[1].

_____

[1] Fed. R. Crim. P. 35(b) provides that "[t]he court, on motion of the government within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance . . . ." The government's decision not to move for downward departure is final only with regard to the section 5K1.1 motion, because the government may move for downward departure pursuant to Rule 35(b) any time within one year of sentencing, which occurred on January 24, 1997. Our

2

The presentence report ("PSR") recommended a guideline range of fifty-seven to seventy-one months' imprisonment based on a total offense level of twenty-five and a criminal history category of I. In addition, the PSR stated that the "probation officer has no information concerning the offense or the offender which would warrant a downward departure from the prescribed sentencing guidelines."

At sentencing, Mathis objected to the government's refusal to move for downward departure. Mathis testified that a Drug Enforcement Agency ("DEA") agent assured him that the government would file a motion for downward departure if Mathis furnished the name of his drug supplier. Mathis testified that he told the agent the name of his supplier in reliance on this agreement and that the DEA acted on the information by seizing some of the supplier's assets. On cross-examination, however, Mathis acknowledged that the government retained discretion under the plea agreement to determine whether to file a motion for downward departure.

The district court adopted the recommendations of the PSR and sentenced Mathis to fifty-seven months' imprisonment, three years supervised release, and a special assessment of $100. Mathis timely appealed.

## II

Mathis contends on appeal that the government breached the

review, therefore, applies only to the decision not to file the section 5K1.1 motion.

3

plea agreement by refusing to move for downward departure after Mathis provided the name of his supplier. Mathis claims that, because he fulfilled his part of the plea agreement to the best of his ability and the government used the information he provided to its benefit, he was entitled to the government motion.

We have held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *United States v. Valencia,* 985 F.2d 758, 761 (5th Cir. 1993)*.* The defendant bears the burden of proving the underlying facts establishing a breach of the plea agreement by a preponderance of the evidence. *United States v. Garcia-Bonilla*, 11 F.3d 45, 46 (5th Cir. 1993). To establish whether the government has breached a plea agreement, the court must determine "whether the Government's conduct is consistent with the parties' reasonable understanding of the agreement." *Id.* This is a question of law, which this court reviews *de novo. Id.*

It is well established that, absent an agreement to the contrary, the government's decision to file a motion for a section 5K1.1 departure is discretionary. *See Wade v. United States*, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843, 118 L. Ed. 2d 524 (1992) (holding that section 5K1.1 gives government power, not duty, to file motion when defendant has substantially assisted). However, the government may bargain away its discretion in a plea

agreement and thereby obligate itself to move for a downward departure in exchange for the defendant's substantial assistance. *Garcia-Bonilla*, 11 F.3d at 46. When determining whether the government has bargained away its discretion to file a section 5K1.1 motion, this court reviews the specific language of the plea agreement. *Id.* at 47.

We have held that, when the government states in a plea agreement that it "will file" a motion, the government has bargained away its discretion. *United States v. Price,* 95 F.3d 364, 368 (5th Cir. 1996). In contrast, when the plea agreement expressly states that the government retains discretion over the decision to submit a motion, we have held that a refusal to do so is reviewable only for unconstitutional motive. *Garcia-Bonilla*, 11 F.3d at 47; *United States v. Aderholt*, 87 F.3d 740, 742 (5th Cir. 1996). Our initial inquiry, therefore, is whether the government, in the text of the plea agreement, has bargained away or retained its discretion.

Mathis's plea agreement provides:

> If, in the opinion of the United States, the defendant has provided substantial assistance . . . the United States *will* make a motion pursuant to guideline section 5K1.1 or Federal Rule 35b for a downward departure from the applicable sentencing guideline range. *The defendant understands that the decision of whether to file such a motion lies exclusively with the United States . . . .*

(emphasis added). In this case, the government agreed that it "will" file a motion if Mathis provides substantial assistance, but

it also reserved the exclusive right to determine if Mathis's cooperation qualified as substantial assistance. When presented with both mandatory and discretionary language in the plea agreement, we have held that the statement that the government "will" file the motion was expressly conditioned on the government's discretionary determination of whether the defendant had provided substantial assistance. *See Garcia-Bonilla*, 11 F.3d at 45 (holding that government retained discretion when plea agreement provided that government "will file" section 5K1.1 motion but that the decision of whether to file rests within "sole discretion" of government); *United States v. Urbani*, 967 F.2d 106, 107 (5th Cir. 1992) (explaining that government retained discretion when plea agreement provided that government "will file" section 5K1.1 motion but "unequivocally disclaims" any obligation to do so). The phrase "lies exclusively" in the Mathis plea agreement closely resembles the "sole discretion" language of the plea agreement in *Garcia-Bonilla* and the disclaimer in *Urbani*; therefore, we find that the government retained its discretion.

Based on the language of the plea agreement and Mathis's admission at sentencing that the government retained its discretion, it is clear that the parties intended and understood that the government was not obligated under the plea agreement to file a motion for downward departure. The government's decision not to file for a downward departure is, therefore, consistent with

6

the reasonable expectations of the parties, and Mathis is not entitled to relief on appeal.

Mathis also asserts that, as a matter of contract, the court must reduce his sentence under section 5K1.1 because his reliance on the promise of a DEA agent entitles him to specific performance. When a plea agreement is determined to be defective, an alternative remedy imposed in some cases is specific performance by the breaching party. *Santobello v. New York*, 404 U.S. 257, 262-63, 92 S. Ct. 495, 498-99, 30 L. Ed. 2d 427 (1971). Mathis asserts in his brief that "[t]he trial court committed reversible error . . . by not granting downward departure . . . ." The district court, of course, is not a party to the plea agreement and may not be bound by its terms. Even if the government were obligated to move for a downward departure, the trial court is under no obligation to grant such motion. *United States v. Wilder*, 15 F.3d 1292, 1295 (5th Cir. 1994). The district court may or may not conclude that the defendant's cooperation warrants a downward departure from the guideline range, even where the government moves for such departure. U.S.S.G. § 5K1.1(a). Therefore, although Mathis asserts that he is entitled to downward departure, it is apparent that the only specific performance he may request is for the filing of a 5K1.1 motion by the government. Moreover, Mathis has presented no evidence that the government breached the plea agreement; therefore no specific performance is required.

7

Mathis also argues that, notwithstanding the plea agreement, the DEA agent's alleged assurances are sufficient to obligate the government to file for downward departure. The government is obligated to move for a downward departure when, in reliance on a government's representation, a defendant did his part, or stood ready to do his part, but was unable to do so because the government no longer required the information or opted not to use it. *United States v. Melton*, 930 F.2d 1096, 1098-99 (5th Cir. 1991). The government is not relieved of its obligation to file for a downward departure simply because it decides it no longer wants or needs the information for which it bargained. *Id.* However, this rule only binds the government in cases such as *Melton*, in which the government has bargained away its discretion not to file a 5K1.1 motion. Since the government retained its discretion in this case, it is not obligated to move for a downward departure despite any alleged assurances from the DEA agent. AFFIRMED.