IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41137
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSÉ LUIS WEAVER,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 93-CV-226
- - - - - - - - - -
April 14, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

José Luis Weaver appeals the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Weaver argued in the district court that his attorneys performed ineffectively in preparing for trial, by failing to explain his plea agreement; by failing to require the Government to honor the agreement, and for failing to object to the alleged breach of the agreement at sentencing; that the Government breached the plea agreement; and that his plea was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

knowing and voluntary.  Weaver has abandoned his challenge to the

voluntariness of his plea by failing to argue the issue in this

court.  FED. R. APP. P. 28(a)(6).  Because Weaver does not

challenge the voluntariness of his plea, he has waived his

arguments that counsel was ineffective for failing to evaluate

his case, consult with him on tactical decisions, and explain the

proposed plea bargain. See Nelson v. Hargett, 989 F.2d 847, 850

(5th Cir. 1993).  Having reviewed the record and the briefs of

the parties, we HOLD that, as the Government did not breach the

plea agreement, counsel was not ineffective for failing to object

to the alleged breach.  See United States v. Garcia-Bonilla, 11

F.3d 45, 46 (5th Cir. 1993).

    AFFIRMED.