IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20786
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT C. ROSSI,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-40-1
--------------------
April 19, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Robert C. Rossi (Rossi) appeals his guilty-plea conviction
for wire fraud under 18 U.S.C. §§ 1343 and 1346. Rossi argues
that the Government breached the plea agreement by introducing
evidence not included in the parties' stipulation of facts to
support its argument for certain sentencing enhancements; that
the district court's acceptance of the Government's proffer that
a witness could testify in support of an enhancement under
U.S.S.G. § 3B1.3 violated his due process rights; that the
district court violated Fed. R. Crim. P. 32; that he can appeal

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

these "sentencing procedural errors" because these "errors" are not within the scope of his waiver of appeal; and that this case should be remanded for the sole purpose of reconsidering the sentencing enhancements imposed under U.S.S.G. §§ 3B1.1(c) and 3B1.3.

The record reflects the parties' understanding that enhancements under U.S.S.G. §§ 3B1.1(c) and 3B1.3 were subject to dispute at sentencing. The record also reflects that the Government reserved its right to fully describe Rossi's conduct to the court, that the court was not bound by the stipulations of fact and indeed was obligated to consider any other relevant evidence, see U.S.S.G. § 6B.1.4 comment (Nov. 1994), and that the Government did not promise or agree that it was limited to the stipulated facts in arguing for the enhancements. Accordingly, any expectation to the contrary was unreasonable. See United States v. Garcia-Bonilla, 11 F.3d 45, 46 (5th Cir. 1993).

Rossi waived his right to appeal his sentence on the grounds set forth in 18 U.S.C. § 3742 subject to certain exceptions not at issue in this appeal. Rossi's remaining arguments, that the acceptance of the Government's proffer of witness testimony violated his due process rights and that the district court violated Fed. R. Crim. P. 32, are within the scope of this waiver. Rossi's argument that his appeal may be considered solely under 28 U.S.C. § 1291 and without reference to 18 U.S.C. § 3742 is without merit. See United States v. Melancon, 972 F.2d 566, 573 (5th Cir. 1992).

AFFIRMED.