United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20753
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO RIOJAS, also known as Ricardo Riojas-Sandoval,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-142-2
--------------------

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Ricardo Riojas (Riojas) pleaded guilty to conspiring to launder money in violation of 18 U.S.C. §§ 1956(g) and (h) and engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 and was sentenced to a total term of life imprisonment. He appeals the district court's denial of his motion to withdraw his guilty plea. He asserts that his plea was not knowing or voluntary because it was based upon his former counsel's

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erroneous advice that he was entering a plea that would result in a 20-year prison term, not life imprisonment, and that the Government was obligated to file a motion pursuant to U.S.S.G. § 5K1.1 in exchange for his complete and truthful debriefing.

Riojas received all the information to which he was entitled under due process regarding his possible sentences, and any erroneous advice of counsel to the contrary cannot render his plea involuntary. See United States v. Brewster, 137 F.3d 853, 858 (5th Cir. 1998); United States v. Badger, 925 F.2d 101, 104 (5th Cir. 1991). Moreover, Riojas does not rebut the Government's assertion that it did not file a motion for a downward departure on his sentence under U.S.S.G. § 5K1.1 because he was not truthful during his debriefings. The Government had the right to exercise complete discretion whether to file such a motion. See United States v. Garcia-Bonilla, 11 F.3d 45, 47 (5th Cir. 1993).

In addition, for the first time on appeal, Riojas alleges that the Government negotiated his plea in bad faith by representing that it would file a motion for downward departure of Riojas's sentence pursuant to U.S.S.G. § 5K1.1, when it did not intend to do so. However, where, as here, the Government retains its discretion to file a motion under U.S.S.G. § 5K1.1, absent an unconstitutional motive, its decision not to file such a motion is not a breach of the plea agreement. See id. Riojas does not allege any unconstitutional motive on the part of the Government. Consequently, Riojas has not shown plain error with respect to his

2

claim that the Government breached his plea agreement by not filing a motion under U.S.S.G. § 5K1.1.  See United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001).

Therefore, Riojas has not shown a "fair and just reason" why he should be allowed to withdraw his plea.  FED. R. CRIM. P. 32(e) (2002).[2]  Under the totality of the circumstances, the district court did not abuse its discretion in denying Riojas's motion to withdraw his guilty plea.  See Brewster, 137 F.3d at 857-58. Accordingly, the judgment of the district court is AFFIRMED.

---

[2]  FED. R. CRIM. P. 32(e) was amended effective December 1, 2002, and moved to FED. R. CRIM. P. 11(d).  However, because the district court accepted Riojas's plea and plea agreement before Riojas moved to withdraw his plea, the new and old versions of the rule do not differ substantively as applied to this case. See FED. R. CRIM. P. 32(e) (1994), FED. R. CRIM. P. 11(d)(2)(B) (2002).

3