**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Camille WILKINS, Defendant–
Appellant.**

No. 05–50705.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided March 8, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

David Glenn Rogers, Brockett, Rogers & Fivecoat, Midland, TX, for Defendant–Appellant.

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM: *

Camille Wilkins appeals her conviction of aiding and abetting possession of more than 5 grams of cocaine with intent to distribute and her sentence. She raises two issues in this appeal.

Wilkins argues, for the first time on appeal, that the Government breached its plea agreement with her when it failed to file a motion for downward departure of her sentence pursuant to U.S.S.G. § 5K1.1. Where, as here, the Government

retained its discretion to file a motion under section 5K1.1, absent an unconstitutional motive, its decision not to file such a motion is not a breach of the plea agreement. *See United States v. Garcia–Bonilla,* 11 F.3d 45, 46 (5th Cir.1993). Wilkins does not allege any unconstitutional motive on the part of the Government. Consequently, Wilkins has not shown plain error with respect to her claim that the Government breached her plea agreement by not filing a motion under U.S.S.G. § 5K1.1. *See United States v. Reeves,* 255 F.3d 208, 210 (5th Cir.2001).

Wilkins also argues that the district court erred by finding her ineligible for a reduction under the safety-valve provisions of U.S.S.G. § 5C1.2. As part of her plea agreement, Wilkins waived "the right to appeal any aspect of the conviction and sentence ... [except for] ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension of which the Defendant did not have knowledge at the time of sentencing." Wilkins was properly advised of the terms of this waiver at rearraignment, and we conclude that she agreed to the waiver knowingly and voluntarily. *See* FED.R.CRIM.P. 11(b)(1)(N); *United States v. Bond,* 414 F.3d 542, 544 (5th Cir.2005); *United States v. McKinney,* 406 F.3d 744, 746 (5th Cir. 2005). Therefore, we will uphold the waiver provision and will not consider this issue.

Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.