# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-50597
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARLOW SZODOC SMITH

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-197-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Marlow Szodoc Smith pleaded guilty to possession of fifty grams or more of cocaine base pursuant to a plea agreement in which the Government agreed to consider filing a motion pursuant to U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e) if it determined that Smith had provided truthful information and truthful testimony. Smith acknowledged that the Government retained the "sole discretion" whether to file such a motion. Smith waived his rights to appeal and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to seek post-conviction relief, except for claims of ineffective counsel or prosecutorial misconduct unknown to Smith at the time of his sentencing

At sentencing, the Government declined to move for a downward departure on the basis that Smith had not yet fully cooperated or testified for the Government. The Government stated that it would consider a future request for a reduction in Smith's sentence based on his assistance to the Government in pending matters. The district court sentenced Smith to a 140-month term of imprisonment, which was the low end of the advisory sentencing guidelines range.

Smith argues that the Government breached the plea agreement by refusing to file a § 5K1.1 motion based on Smith's substantial assistance and that his appeal waiver is void due to the Government's alleged breach of the agreement. An alleged breach of a plea agreement may be raised on appeal regardless whether the plea agreement contains a waiver provision. United States v. Keresztury, 293 F.3d 750, 757 (5th Cir. 2002).

Whether the Government has violated a plea agreement is a question of law subject to de novo review. United States v. Witte, 25 F.3d 250, 262 (5th Cir. 1994). A plea agreement is valid if the Government's conduct is consistent with the defendant's reasonable understanding of the agreement. Id. The defendant must prove by a preponderance of the evidence that the Government breached the agreement. Id. To obtain relief based on the denial of a discretionary motion for downward departure, the defendant must show that the Government's refusal to exercise its discretion is due to an unconstitutional motive. United States v. Price, 95 F.3d 364, 368 (5th Cir. 1996).

In this case, the Government retained the sole discretion to determine whether Smith's cooperation warranted a motion for downward departure. Smith does not suggest that any unconstitutional factor motivates the Government's decision not to move for a downward departure or that his waiver of appellate rights was unknowing or involuntary. United States v. Garcia-

Bonilla, 11 F.3d 45, 46-47 (5th Cir. 1993); United States v. Baymon, 312 F.3d 725, 729-30 (5th Cir. 2002).  Accordingly,  the waiver of appeal is valid and the APPEAL IS DISMISSED.