# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-50310
c/w No. 11-50312
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 27, 2012

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICKY OLIN SMITH,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-276-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.[*]

PER CURIAM:

Ricky Olin Smith appeals his conviction and 151-month sentence for conspiracy to possess with the intent to distribute oxyycodone and cocaine. He also appeals his revocation of supervised release and consecutive 21-month sentence, arguing that the revocation was based solely on his guilty plea in the conspiracy case, which he should have been permitted to withdraw. We consider both of his appeals below.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50310
c/w No. 11-50312

In determining whether a district court has abused its discretion in denying withdrawal of a guilty plea, we traditionally consider seven relevant factors.[1] Those factors are: (1) whether the defendant asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion to withdraw; (4) whether withdrawal would inconvenience the court; (5) whether adequate assistance of counsel was available; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources.[2]

More than five months after pleading guilty, Smith filed his motion to withdraw his plea, making his intentions known to the district court the day he was scheduled to be sentenced.  Smith equivocated when asserting his innocence.  At his rearraignment, during which he was questioned and advised thoroughly by the magistrate judge, Smith indicated satisfaction with counsel and that he was pleading guilty knowingly and voluntarily.  Further, the district court found that allowing withdrawal of the guilty plea would inconvenience the court and waste judicial resources.  Based on the totality of the circumstances, the above factors weigh in favor of disallowing withdrawal of Smith's guilty plea.  The district court's denial of Smith's motion to withdraw his plea was not an abuse of discretion.

Smith also argues that the Government breached the plea agreement by failing to move for a downward departure.  However, because the Government reserved "sole discretion" in whether to move for a downward departure, it did not breach the agreement by refusing to do so after it concluded that Smith had violated his side of the agreement by lying to the government.[3]

---

[1] *United States v. Grant*, 117 F.3d 778, 789 (5th Cir. 1997) (citing *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984)).

[2] *Id.*

[3] *See United States v. Garcia-Bonilla*, 11 F.3d 45, 47 (5th Cir. 1993).

No. 11-50310
c/w No. 11-50312

Last, Smith raises two issues regarding the computation of his advisory guidelines sentencing range. He argues that the district court erred in finding that he was an organizer or leader and in determining the drug quantity for which he was responsible. These issues are barred by the plain language of the waiver of appeal in Smith's plea agreement. Moreover, the waiver was knowing and voluntary, as Smith testified at his rearraignment that he knew he had a right to appeal and that he was giving up that right.[4]

The judgments of the district court are AFFIRMED.

---

[4] *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).