**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 7, 2012

Lyle W. Cayce
Clerk

No. 10-11145
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID BAROUCH,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-99-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, David Barouch appeals the sentence imposed following his guilty plea to possessing an unregistered destructive device. For the reasons that follow, we affirm.

Barouch argues that the Government breached its oral agreement to move for a U.S.S.G. § 5K1.1 reduction in sentence based on his substantial assistance in its investigation of a murder case. Barouch did not raise this objection at sentencing; therefore, review is for plain error only. *See United States v. Reeves*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

255 F.3d 208, 210 (5th Cir. 2001).  Given the absence of any record evidence of the oral agreement, Barouch has not borne his burden of proving by a preponderance of the evidence the facts establishing a breach.  *See United States v. Garcia-Bonilla*, 11 F.3d 45, 46 (5th Cir. 1993).  Barouch's allegations of unconstitutional motive on the part of the Government are purely conclusional in the absence of supporting evidence.  In light of the preceding, this claim cannot survive plain error review.

Additionally, Barouch argues that the district court abused its discretion in denying his second unopposed motion to continue sentencing to ensure the testimony of his forensic expert.  Barouch contends that the expert would have testified that the most likely reason the explosive he placed on the porch of his ex-wife did not detonate was Barouch's intentional disabling of the device.  However, the expert's report, adduced at sentencing, gives no opinion on how the bomb's initiator was disabled.  Barouch has not shown that the expert's testimony would have adduced "substantial favorable evidence" on the controverted issue whether Barouch intended to harm his wife and, therefore, he also has not shown that he was materially prejudiced by the district court's decision to deny the motion to continue.  *See United States v. Botello*, 991 F.2d 189, 193 (5th Cir. 1993).  He has thus shown no abuse of discretion.  *See id.*

For the first time on appeal, Barouch asserts that the district court abused its discretion in failing to sua sponte order a psychological examination to assess his mental state at the time of the offense for purposes of assessing an appropriate sentence.  Barouch, however, has adduced no evidence that the district court should have been on notice that his mental competency was at issue.  *Cf. United States v. Messervey*, 317 F.3d 457, 463 (5th Cir. 2002).  Consequently, he cannot survive plain error review.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Challenging the substantive reasonableness of his sentence, Barouch contends that the district court erroneously found that he intended to harm his

wife with the explosive. The district court's finding that Barouch intended to injure his ex-wife with the explosive was based on its determination that Barouch was not a credible witness. We will not disturb a trier-of-fact's credibility determination. *See United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010).

His remaining arguments attacking the substantive reasonableness of his sentence were not raised below and are reviewed for plain error only. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Barouch argues that his sentence was unreasonable insofar as it constituted an unwarranted disparity. Barouch's sentence fell within the guidelines range and is thus presumptively reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Barouch has neither rebutted this presumption nor shown plain error insofar as he has failed to provide any evidence to support his conclusional sentencing disparity claim.

Barouch's sentencing argument that there was a failure to present evidence in mitigation is more properly construed as one alleging ineffective assistance of counsel. Such claims generally "cannot be resolved on direct appeal when [they have] not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted). Finally, Barouch's contention that this appeal should be held in abeyance so that he might proceed via 28 U.S.C. § 2255 to better develop the appellate record is without merit. *See United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011).

AFFIRMED.