# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2012

No. 10-40629
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENRIQUE ALBERTO MOREJON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CR-37-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Enrique Alberto Morejon appeals the 151-month sentence imposed following his guilty plea conviction for conspiracy to possess five kilograms or more of cocaine with the intent to distribute. *See* 21 U.S.C. §§ 841(a)(1), 846. The Government has filed a motion to dismiss the appeal or, alternatively, for summary affirmance, or, alternatively, for an extension of time to file a brief. The Government's motion is DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40629

Morejon argues that the Government breached the plea agreement when it failed to file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1, p.s., prior to his sentencing hearing in light of his substantial assistance. He acknowledges that generally the Government is not required to file a § 5K1.1 motion, but he argues the Government bargained away its discretion by the terms of the plea agreement.

Whether the Government breached a plea agreement may be considered despite an appeal waiver provision. *United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010). When a defendant does not raise the issue of breach in the district court, review is limited to plain error. *Puckett v. United States*, 556 U.S. 129, 134-43 (2009); *United States v. Cerverizzo*, 74 F.3d 629, 631 (5th Cir. 1996). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett*, 556 U.S. at 135; *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). If the appellant makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (internal quotation marks and citations omitted).

The defendant has the burden of proving the underlying facts establishing a breach of the plea agreement by a preponderance of the evidence. *United States v. Garcia-Bonilla*, 11 F.3d 45, 46 (5th Cir.1993). Absent a contrary agreement, the decision whether to file a § 5K1.1 motion is discretionary. *Wade v. United States*, 504 U.S. 181, 185 (1992). The Government may, however, bargain away its discretion in a plea agreement. *Garcia-Bonilla*, 11 F.3d at 46. This court reviews the specific language of the plea agreement in determining whether the Government bargained away its discretion. *Id.* at 47.

Morejon's plea agreement provided that "[i]f, in its sole discretion, the Government determines that Defendant has provided substantial assistance in the investigation or prosecution of others, the United States will file" a motion

2

for a downward departure.  It further provided that Morejon's cooperation did not automatically require the Government to request a downward departure or a sentence reduction and that the time for filing the motion would be determined by the Government.

When addressing plea agreements containing both mandatory and discretionary language, this court has held that the statement that the Government "will" file the motion was expressly conditioned on the Government's discretionary determination on the issue of substantial assistance. *See Garcia-Bonilla*, 11 F.3d at 46-47; *United States v. Urbani*, 967 F.2d 106, 107 (5th Cir. 1992).  Although not expressed in the same language used in *Urbani* or in *Garcia-Bonilla*, it nevertheless appears from the plain meaning of Morejon's agreement that the Government retained sole discretion in determining whether to file a motion for a downward departure.  *See United States v. Rueben*, 51 F.3d 1046, 1995 WL 153584, at * 3 (5th Cir. Mar. 31, 1995) (unpublished).[1]  Moreover, after stating that the Government "will" file the motion, the plea agreement states that "Defendant's cooperation does not automatically require the United States to request a downward departure . . . ."  Thus, the statement in Morejon's agreement that the Government "will" file the motion was "expressly conditioned on the [G]overnment's *discretionary* determination whether [Morejon] has provided substantial assistance, [which] clearly constitutes retention by the [G]overnment of its discretion concerning the filing of a § 5K1.1 motion." *Rueben*, 51 F.3d at * 3.

Because the plea agreement reflects that the Government retained the discretion whether to file a motion for a downward departure, the Government's refusal to file such motion is reviewable only for unconstitutional motive, *see United States v. Aderholt*, 87 F.3d 740, 742 (5th Cir.1996), or on the ground that

---

[1] Although this court's decision in *Rueben* was not published, "[u]npublished opinions issued before January 1, 1996, are precedent" in this Circuit.  5TH CIR. R. 47.5.3.

the refusal to file the motion was not rationally related to a legitimate governmental end, *see Wade,* 504 U.S. at 186. Morejon does not argue that the Government had an unconstitutional motive or that the denial was not rationally related to a legitimate government end. Morejon has not met his burden of proving that the Government breached the plea agreement by a preponderance of the evidence, *see Garcia-Bonilla*, 11 F.3d at 46, and he has not shown plain error, *see Puckett*, 556 U.S. at 135.

Morejon also argues that to the extent that the district court considered a downward departure under § 5K1.1, it misapplied § 5K1.1 by confusing acceptance of responsibility under § 3E1.1(b) with § 5K1.1. In the plea agreement, Morejon waived the right to appeal his conviction and sentence on all grounds but reserved the right to appeal a sentence in excess of the statutory maximum or a claim of ineffective assistance of counsel that affected the validity of the waiver itself. This court reviews de novo whether an appeal waiver bars an appeal. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). The record reflects that Morejon's appeal waiver was knowing and voluntary. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Because Morejon's argument that the district court misinterpreted the Guidelines does not fall within either of the exceptions listed in the waiver provision, we do not address the issue. *See United States v. Sanchez Guerrero*, 546 F.3d 328, 335 (5th Cir. 2008).

AFFIRMED.