# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2013

Lyle W. Cayce
Clerk

No. 12-50691
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID DE LEON,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-964-2

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David De Leon appeals the 151-month within-guidelines sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute less than 500 grams of cocaine in violation of 21 U.S.C. § 846. He argues that the Government breached its obligations under the plea agreement to advise the district court at sentencing of the extent of his cooperation and to move for a sentence that reflected his cooperation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50691

De Leon's claim of a breached plea agreement may be raised despite his appeal waiver. *See United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010). As De Leon concedes, however, because he did not argue at sentencing that the Government breached the plea agreement, we review this issue for plain error. *See United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001); *see also Puckett v. United States,* 556 U.S. 129, 135 (2009).

The district court was made aware via the presentence report and defense counsel's statements at sentencing that De Leon cooperated in connection with the instant offense but that his cooperation did not constitute the substantial assistance necessary to warrant a departure under U.S.S.G. § 5K1.1. As the district court was made generally aware of the extent of De Leon's cooperation, De Leon has not shown that the Government's conduct at sentencing was inconsistent with the parties' reasonable understanding of the plea agreement. *See United States v. Garcia-Bonilla*, 11 F.3d 45, 46 (5th Cir. 1993); *United States v. Hooten*, 942 F.2d 878, 884 (5th Cir. 1991). Even if there was error, De Leon has not shown that such error was clear or obvious or that, but for the Government's alleged breach of its obligation to explain the extent of his cooperation, he would have received a lesser sentence. *See United States v. Hebron*, 684 F.3d 554, 558-59 (5th Cir. 2012); *Garcia-Bonilla*, 11 F.3d at 46; *Hooten*, 942 F.2d at 884. Accordingly, De Leon has not shown any reversible plain error with respect to this claim.

Moreover, pursuant to the plea agreement, the Government reserved the sole right to determine whether De Leon's cooperation was truthful and substantial so as to recommend a downward departure under U.S.S.G. § 5K1.1. The Government's decision not to move for a § 5K1.1 departure did not constitute a breach of the plea agreement. *See United States v. Solis*, 169 F.3d 224, 226-27 (5th Cir. 1999). As De Leon's arguments on appeal fail to demonstrate any reversible error, the district court's judgment is AFFIRMED.