# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS MANUEL SORIA,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-281-11

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Luis Manuel Soria appeals his sentence of 360 months of imprisonment for conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. He argues that the Government breached the plea agreement by failing to move for a downward departure pursuant to U.S.S.G. § 5K1.1, and he also argues that the district court assessed a substantively unreasonable sentence. The Government moves to dismiss the appeal based

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41150

on the waiver in the plea agreement of Soria's right to appeal his sentence. Soria argues that the waiver is unenforceable because of the alleged breach of the plea agreement.  He also argues, for the first time in his opposition to the Government's motion to dismiss, that the plea agreement is void for lack of consideration and that the § 5K1.1 provision in the plea agreement is contrary to law.  We will not consider these issues raised for the first time in what is essentially his reply brief.  *See United States v. Brown,* 305 F.3d 304, 307 n.4 (5th Cir. 2002).

Although "an alleged breach of a plea agreement may be raised despite a waiver provision," *United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010), our review of the record shows that the Government did not breach the agreement which gave the Government sole discretion to decide whether to file a § 5K1.1 motion.  *See United States v. Garcia-Bonilla*, 11 F.3d 45, 46 (5th Cir.1993); *see also Puckett v. United States*, 556 U.S. 129, 133-38 (2009); *United States v. Kirkland*, 851 F.3d 499, 502-03 (5th Cir. 2017) (applying plain error review to a claim of breach first raised on appeal).

Soria concedes that the Government chose not to move for a downward departure because he absconded and failed to appear for his originally scheduled sentencing hearing.  This is not an unconstitutional motive, and it is rationally related to a legitimate government end.  *See Wade v. United States*, 504 U.S. 181, 185 (1992); *United States v. Aderholt*, 87 F.3d 740, 742 (5th Cir.1996).  The record shows that Soria knew that he had a right to appeal his sentence and was giving up that right.  FED. R. CRIM. P. 11(b)(1)(N).  Soria's argument that the district court assessed a substantively unreasonable sentence is waived by the waiver of appeal.  *See United States v. Sanchez Guerrero*, 546 F.3d 328, 335 (5th Cir. 2008).

No. 17-41150

Accordingly, the Government's motion to dismiss the appeal is GRANTED, and the appeal is DISMISSED. The Government's alternative motion for an extension of time to file a brief is DENIED.